**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| **ROBERT MCINTYRE,** | ) | |
| | ) | Case No. 3:26-cv-1108 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **MASSACHUSETTS MUTUAL LIFE** | ) | |
| **INSURANCE COMPANY.** | ) | **DEFENDANT'S NOTICE OF** |
| | ) | **REMOVAL** |
| Defendant. | ) | |
| | ) | |

PLEASE TAKE NOTICE that Defendant Massachusetts Mutual Life Insurance Company ("MassMutual") hereby removes the above-entitled action from Dane County to the United States District Court for the Western District of Wisconsin. Removal is warranted under 28 U.S.C. §§ 1332(a), 1441, and 1446.

## I. THE REMOVED CASE

1. On August 24, 2026, Plaintiff filed a complaint in Dane County Circuit Court, entitled *Robert McIntyre v. Massachusetts Mutual Life Insurance Company*, which was designated as Case No. 2026CV003325. True and accurate copies of all state court pleadings and filings, including the summons and complaint, are attached hereto as Exhibit 1.

2. In the complaint, Plaintiff alleges that MassMutual wrongfully denied Plaintiff's claim for benefits under a disability insurance policy issued by MassMutual (Policy No. 08618638). *See* Ex. 1 (Complaint), ¶4.

3. Plaintiff demanded a jury trial in the state court action. *See* Ex. 1, (Complaint, "WHEREFORE CLAUSE").

4. This action has not been previously removed to federal court.

## II. JURISDICTION EXISTS TO REMOVE THE ACTION

5. Removal jurisdiction exists because this Court has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332(a).

### A. There Is Complete Diversity of Citizenship Between the Parties.

6. Upon information and belief, Plaintiff is, and was at the time of filing this lawsuit, a resident and citizen of Wisconsin. *See* Ex. 1 (Complaint), ¶1.

7. Defendant MassMutual is, and was at the time of the lawsuit's filing, an insurance company existing under the laws of the State of Massachusetts, with its principal place of business in Springfield, Massachusetts. As such, Defendant is a citizen of Massachusetts.

8. Accordingly, this action involves "citizens of different States" pursuant to 28 U.S.C. § 1332(a)(1) and removal of this action is proper under 28 U.S.C. § 1441(b).

### B. The Amount in Controversy Requirement is Satisfied.

9. Plaintiff asserted a breach of contract claim arising from

MassMutual's denial of Plaintiff's claim for disability benefits. Ex. 1, Complaint, ¶¶18-21.

10. Plaintiff also asserted a bad faith claim arising from MassMutual's alleged review of Plaintiff's claim for disability benefits. Ex. 1, Complaint, ¶¶22-29.

11. Plaintiff seeks damages including (1) "retroactive" disability benefits for the period of January 1, 2019, to September 12, 2023 (approximately $276,640), *see* Ex. 1, Complaint, ¶7 & WHEREFORE clause;[1] (2) a declaration of continued eligibility for all disability benefits, *id.*; (3) compensatory damages, *id.*; (4) punitive damages, *id.*; and (5) interest. *Id.*

12. Accordingly, although MassMutual denies that Plaintiff is entitled to any recovery, removal is proper under 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

## III. VENUE

13. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1441(a), because this Court is in the district embracing the place where the state court action is pending.

[1] The Policy provides monthly benefits of $4940. *See* Ex. 2 (true and correct copy of the Policy, not including the application) at 10. Plaintiff seeks benefits from January 1, 2019, to September 12, 2023, which is a period of 56 months, totaling $276,640 in benefits.

## IV. TIMELINESS OF REMOVAL

14. MassMutual received a copy of the Complaint on or after October 16, 2026. Ex. 1.

15. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is timely because MassMutual filed this removal within 30 days of receipt of the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## V. NOTICE TO PLAINTIFF AND STATE COURT

16. Pursuant to 28 U.S.C. § 1446(d), MassMutual will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a State Notice of Filing of Notice of Removal with the Clerk for the Dane County Circuit Court, where this action is currently pending.

## VI. NON-WAIVER OF DEFENSES

17. By removing this action, MassMutual does not waive any defenses it may have to this action.

## VII. CONCLUSION

18. The matter is therefore removable to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. MassMutual hereby removes this action from Dane County Circuit Court to the United States District Court for the Western District of

Wisconsin and respectfully requests that this Court proceed with the matter as if it had been filed originally herein.

Respectfully submitted, this 13th day of November, 2026.

Respectfully submitted,

*/s/ Kate L. Villanueva*
Kate L. Villanueva
Troutman Pepper Locke LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4870
kate.villanueva@troutman.com

***Attorney for Defendant Massachusetts Mutual Life Insurance Company***

**CERTIFICATE OF SERVICE**

I, Kate Villanueva, hereby certify that, on November 13, 2026, I caused a true and correct copy of this Notice of Removal to be served on the following parties by First-Class Mail and by electronically filing the same through Pacer:

William E. Parsons
HAWKS QUINDEL, S.C.
409 East Main Street
Madison, Wisconsin 53701-2155
Telephone: (318) 388-4400; Fax: 318-322-4194
Email: wparsons@hq-law.com

*Attorneys for Plaintiff*

*<u>/s/ Kate Villanueva</u>*
Kate L. Villanueva



337401433v1